IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUFUS ENGLISH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 05-0312-WS-B |
| | ) |
| **CSA EQUIPMENT COMPANY LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on defendant CSA Equipment Company LLC's Motion to Re-Tax Costs (doc. 67). Plaintiff has filed an Objection (doc. 69), and defendant has filed a Reply (doc. 70) to same.

Plaintiff Rufus English ("English") brought this action against defendant CSA Equipment Company LLC ("CSA") asserting causes of action for race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, as well as a state-law claim for the tort of outrage. On August 22, 2006, the undersigned entered an Order (doc. 63) granting summary judgment to CSA and dismissing English's complaint in its entirety, on the grounds that certain claims were barred for failure to exhaust administrative remedies, that English had failed to establish that CSA's stated reasons for the challenged personnel actions were a pretext for unlawful discrimination, and that plaintiff had made no showing that might satisfy any of the elements of an Alabama outrage claim.

On August 25, 2006, within the time frame specified by Local Rule 54.1(a)(1), CSA filed a Bill of Costs (doc. 65) itemizing costs of $2,218.75 for depositions taken in the case, broken down as follows: (a) original deposition transcript of plaintiff ($1,254.10); (b) copy of deposition transcript of Robert Merle Smith ($516.15); (c) copy of deposition transcript of Michael Dean Bowden ($196.95); and (d) copy of deposition transcript of Gerry Laneal Givens ($251.55). This submission was accompanied by a signed Declaration from CSA's counsel of record, as

required by 28 U.S.C. § 1924, declaring under penalty of perjury that these costs were correct, that they were necessarily incurred in this litigation, and that the services for which the fees were charged were actually and necessarily performed.  On August 31, 2006, the Clerk of Court taxed costs at $0.00, prompting CSA to file its Motion to Re-Tax Costs.

Pursuant to Rule 54(d), Fed.R.Civ.P., costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  *Id.*  This Rule does not confer upon district courts unfettered discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case."  *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964).  Rather, statutory authorization is a necessary condition to the shifting of litigation costs.  *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991).  "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party.  *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  That said, the Eleventh Circuit will not disturb an award of costs except in the presence of a clear abuse of discretion.  *See, e.g., Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

Under 28 U.S.C. § 1920(2), court reporter fees are properly taxed as costs for "any part of the stenographic transcript necessarily obtained for use in the case."  *Id.*; *see also Maris*, 302 F.3d at 1225.  Although the Eleventh Circuit has acknowledged that taxation of deposition costs is authorized by statute, it has cautioned that such costs are not recoverable where "the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only."  *U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (citation omitted).

Plaintiff's arguments against taxation of the enumerated deposition costs are threefold.  First, English states that, during the pendency of this litigation, CSA promoted or otherwise rehired him for the position of company clerk, the very position that he claimed in this litigation to have been wrongfully denied for discriminatory reasons.  English speculates that "[t]his litigation may have played a role in Mr. English obtaining the position which he sought," (Objection (doc. 69), at 1), and asserts that this Court should therefore require each side to bear its own costs.  But plaintiff offers no evidence of any nexus between this litigation and CSA's

decision to promote him to company clerk in May 2006. CSA denies any such link. Further attenuating any connection between this lawsuit and the May 2006 hiring, English did not abandon or withdraw his claims after that event, but instead proceeded with his claims against CSA, which claims were ultimately dismissed on summary judgment. Under no reasonable view can English be viewed as a prevailing party, nor can CSA be reasonably perceived as anything other than a prevailing party for purposes of Rule 54(d). In this Court's opinion, the May 2006 hiring of English as a company clerk in no way militates against taxation of defendant's costs to plaintiff here.

Second, relying on appellate cases from other circuits dating back a half-century, English points out that the facts of this litigation were hotly disputed, and that his burden of establishing pretext was heavy. Certainly, the record reflects that at least most of plaintiff's causes of action were not frivolous, and that plaintiff appeared to have filed suit in good faith. But the pertinent inquiry does not hinge on whether a plaintiff's claims were frivolous or brought in bad faith. Rather, Rule 54(d)(1) makes clear that costs "shall be allowed as of course to the prevailing party" absent countervailing circumstances. In that regard, the Eleventh Circuit has explained that "[t]he presumption is in favor of awarding costs." *Arcadian*, 249 F.3d at 1296. In this Court's view, the non-frivolity of plaintiff's complaint is insufficient to overcome that presumption in the particular posture of this action.

Third, plaintiff indicates that CSA did not reasonably need all of the deposition transcripts for which taxation of costs is sought. The Court agrees, albeit only in part. As mentioned *supra*, the statutory standard is whether a given transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). There is no question that defendant reasonably needed to take English's deposition, and his deposition transcript featured prominently in the undersigned's summary judgment analysis. The cost of that transcript is properly taxed against English. The other three items for which taxation of costs is sought are copies of the deposition transcripts of CSA employees (Smith, Bowden and Givens) whose depositions were taken by plaintiff's counsel. The Smith and Bowden transcripts were of central importance to CSA's Motion for Summary Judgment, and the Court relied extensively on them in ruling on such Motion. Therefore, the undersigned finds that the costs of copies of those two transcripts are properly taxed as costs. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997)

("A district court does not abuse its discretion in taxing transcription costs associated with depositions that were actually utilized by the court in considering the defendant's motion for summary judgment."). The Givens transcript rests on a different footing, however. Givens was the successful candidate for one of the positions which plaintiff had sought. The submitted excerpts from Givens' deposition demonstrate that he was a tangential witness whose testimony had (at best) limited relevance to the issues joined in this action and was largely unhelpful in fleshing out any disputed legal or factual issue. Under the circumstances, CSA may have desired a copy of the Givens transcript for convenience or for thoroughness of preparation, but it did not necessarily obtain such transcript for use in the case. Therefore, the cost of the Givens transcript will be disallowed.

For all of the foregoing reasons, CSA's Motion to Re-Tax Costs is **granted in part**, and **denied in part**. After disallowing $251.55 in costs for the copy of the deposition transcript of Gerry Laneal Givens, costs are hereby **taxed** against plaintiff in the amount of $1,967.20.

DONE and ORDERED this 25th day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE